# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANA CHERI MORELAND, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>GOLDY, LLC d/b/a SOPHIA'S GENTLEMAN'S CLUB; NADER EL BANNA d/b/a SOPHIA'S HOOKAH LOUNGE,<br><br>  Defendants. | Case No. 2:19-cv-01971-KJD-NJK<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

Before the Court is Plaintiffs' Motion for Default Judgment (#13). Defendants did not respond and have not responded to any filings since Plaintiffs filed the case.

I.      Factual and Procedural Background

This case arises out of Defendants' use of Plaintiffs' images for promotional purposes. (#13, at 3). Plaintiffs are all professional models who did not give Defendants consent or permission to use their image or likeness. Id. Defendants used the images to promote Sophia's Gentlemen's Club and/or Sophia's Hookah Lounge and did not compensate Plaintiffs for the images. Id. Plaintiffs filed this suit on November 8, 2019. Id. Defendant Goldy, LLC was served a copy of the summons and complaint on November 15, 2019. (#5-1, at 2). The process server personally delivered a copy to the address on record and left a copy with a person of suitable age and discretion. Id. A different process server returned an affidavit of service on November 16, 2019, stating that he left a copy of the summons and complaint with the other named defendant, Nader El Banna. (#6-1, at 2). Defendants failed to answer the complaint or defend the action and default was entered against them on May 4, 2020. (#13, at 3). Plaintiffs now seek default judgment on all their claims against Defendants. Id.

II.     Legal Standard

The Rules of Civil Procedure permit default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). There are two steps involved in obtaining a default judgment.

> First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.

J & J Sports Productions, Inc. v. Chikiss Botanas N' Beer, LLC, No. 2:18-cv-745-JCM-VCF, 2020 WL 2559941, at *1 (D. Nev. May 20, 2020) (citing UMG Recordings, Inc. v. Stewart, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006)). "The district court's decision whether to enter a default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). District courts have "an affirmative duty to look into jurisdiction over both the subject matter and the parties" prior to entry of default judgment. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). "Generally, the court accepts the factual allegations in the plaintiff's complaint as true but requires the plaintiff to prove damages." Mayweather v. Wine Bistro, No. 2014 6882300, at *3 (D. Nev. Dec. 4, 2014) (citing Televideo Video Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987)).

III.    Analysis

First, the Court must determine that it has jurisdiction prior to entering default judgment. Plaintiffs brought a Lanham Act claim, a claim for violation of Nevada's right of publicity statute, and negligence claims. The Court has federal question jurisdiction over the Lanham Act claim under 28 U.S.C. § 1331 because the claim "arises under the Constitution, laws or treaties of the United States." The Court has supplemental jurisdiction over the state law claim because it is "so related to" the federal claim. 28 U.S.C. § 1367(a). Venue is proper as Defendants are Nevada businesses. 28 U.S.C. § 1391(b). The Court has jurisdiction over the matter and a decision regarding default judgment is appropriate.

The Ninth Circuit has provided factors for courts to consider in exercising discretion

regarding entry of default judgments. The factors include:
> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (citing 6 Moore's Federal Practice ¶ 55–05[2], at 55–24 to 55–26). While default judgments are "ordinarily disfavored" and cases "should be decided upon their merits," the Court finds that the Eitel factors weigh in favor of default judgment against Defendants. Eitel, 782 F.2d at 1472 (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

The possibility of prejudice continues to weigh heavily in favor of default judgment. The longer Plaintiffs' images are being used without permission, the longer Plaintiffs are associated with a brand that has not compensated them and with whom they did not choose to associate. A plaintiff suffers prejudice "when denying default judgment would leave plaintiff without a remedy." Coach Servs., Inc. v. YNM, Inc., No 2:10-cv-02326-JST (PLAx), 2011 WL 1752091, at *2 (C.D.Cal. May 6, 2011). Plaintiffs may suffer harm to reputation by being associated with a gentleman's club and without default judgment there is nothing Plaintiffs can do to remedy the situation.

The next two Eitel factors, the merits of Plaintiff's claim and sufficiency of the complaint, weigh in favor of default judgment also. "The second and third Eitel factors assess the substantive merit of plaintiff's claim and the sufficiency of its pleadings." Landstar Ranger, Inc. v. Parth Enterprises, Inc., 725 F.Supp.2d 916, 920 (C.D.Cal. July 19, 2010). To succeed on a Lanham Act claim, Plaintiffs must show that Defendants
> used in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another, or as to the origin, sponsorship, or approval of its goods by another person.

15 U.S.C. § 1125(a). Plaintiffs satisfy these elements. The exhibits attached to the complaint show that Defendants used actual images of Plaintiffs on their social media accounts to promote events at their club. The images were used and manipulated in such a way that made it appear

- 3 -

1  that Plaintiffs consented to their use and were affiliated with or worked at Defendants' clubs.
2  However, Plaintiffs never gave such consent. As such, Plaintiffs' Lanham Act claims have merit.
3        Plaintiffs also brought Nevada state law claims for violation of Nevada's right of
4  publicity statute and negligence. "Nevada's right of publicity statute precludes others from
5  making commercial use of a person's rights of publicity without written consent of the person or
6  his successor in interest absent a few exceptions." Sears v. Russell Road Food and Beverage,
7  LLC, 460 F.Supp.3d. 1065, 1071–72 (D. Nev. May 14, 2020) (citing Nev. Rev. Stat.
8  § 597.790(2)). Commercial use "means using the person's 'name, voice, signature, photograph
9  or likeness . . . on or in any product, merchandise or goods or for the purposes of advertising,
10 selling or soliciting the purchase of any product, merchandise, goods or service.'" Id. at 1072
11 (quoting Nev. Rev. Stat. § 597.770(1)). Plaintiffs have satisfied these elements. Defendants used
12 Plaintiffs' photographs without written consent to advertise their clubs and solicit the purchase of
13 their goods and services. The merits of Plaintiffs' Lanham Act claims and violation of right of
14 publicity statute claims and the sufficiency of their complaint weigh in favor of default
15 judgment.
16       To prevail on Plaintiffs' negligence claims, they must establish "(1) the existence of a
17 duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." Sanchez ex rel.
18 Sanchez v. Wal-Mart Stores, Inc., 221 P.3d 1276, 1280 (Nev. 2009). Whether a duty exists "is a
19 question of law for the court." Sears, 460 F.Supp.3d at 1072. The Sears court ruled on a similar
20 issue as the one at hand. A group of professional models brought suit against the owners of a
21 strip club for using the models' photos in advertisements for the club. The models brought a
22 Lanham Act claim, Nevada right of publicity statute claim, and a negligence claim. Like this
23 case, the plaintiffs argued that the club owners owed them a duty to ensure it was not using their
24 images without authorization that would infringe on their publicity rights, a duty to maintain
25 policies and procedures to prevent unauthorized use of their images, and a responsibility not to
26 harm the plaintiffs by using the images without authorization and without compensation.
27 However, the Sears court found that the "right of publicity statute 'provides a complete and
28 exclusive remedy for the right of publicity tort.'" Id. at 1073 (quoting Hetter v. Eighth Judicial

1  Dist. Court of State In & For Cty. of Clark, 874 P.2d 762, 765 (Nev. 1994)). As such, the court
2  predicted that "Nevada would not recognize a common law duty to refrain from or take
3  precautionary measures to protect against invading the right of publicity." Id. This Court agrees,
4  and Plaintiffs' negligence causes of action must be dismissed.

5    The fourth Eitel factor is difficult to ascertain because the sum of money at stake has not
6  yet been determined. However, damages exist. Plaintiffs request a hearing to prove up damages
7  or time to acquire an expert report calculating the damages. The Court therefore grants Plaintiffs'
8  request for time to compile an expert calculation of damages. Plaintiffs shall have thirty days to
9  file a motion for judgment on damages or a motion requesting additional time.

10   Two of the remaining three Eitel factors weigh toward default judgment. Defendants
11 have not disputed any facts and the Court "accepts the factual allegations in the plaintiff's
12 complaint as true." Mayweather v. Wine Bistro, No. 2014 6882300, at *3 (D. Nev. Dec. 4,
13 2014) (citing Televideo Video Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987)).
14 Additionally, there is no indication that Defendants' failure to participate in the litigation is due
15 to excusable neglect. They have been served, Plaintiffs' counsel has reached out to their
16 registered agent regarding the images, and they have been afforded every opportunity to defend
17 themselves in this action. While there is a strong preference to resolve cases on the merits, the
18 Court finds that default judgment is appropriate. The other Eitel factors outweigh the preference
19 to resolve this case on the merits.

20   Because the Eitel factors weigh in favor of default judgment, the Court grants Plaintiffs'
21 motion.

22 //
23 //
24 //
25 //
26 //
27 //
28 //

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Default Judgment (#13) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiffs have 30 days to file a motion for judgment on damages.

Dated this 3rd day of February, 2021.

                                                Kent J. Dawson
                                                United States District Judge