UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANA CHERI MORELAND, *et al.*, | Case No. 2:19-cv-01971-KJD-NJK |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS'**<br>**MOTION FOR ATTORNEYS' FEES** |
| v. | |
| GOLDY LLC d/b/a SOPHIA'S<br>GENTLEMEN'S CLUB; NADER EL BANNA<br>d/b/a SOPHIA'S HOOKAH LOUNGE, | |
| Defendants. | |

Before the Court is Plaintiffs' Motion for Attorneys' Fees (ECF #25). Defendants did not respond to the motion.

I.      Factual and Procedural Background

Plaintiffs filed their complaint against Defendants on November 8, 2019. (ECF #17, at 1). Defendants did not respond to the complaint or defend the action in any way. Id. The Clerk of the Court entered default against Defendants on May 4, 2020. Id. Plaintiffs filed a motion for default judgment on November 9, 2020. Defendants still did not appear in the action and the Court found good cause to grant default judgment on February 3, 2021. Id. at 6. Plaintiffs then filed a motion for judgment on damages, which Defendants did not respond to. (ECF # ). The Court granted Plaintiffs' motion and entered judgment for Plaintiffs in the amount of $965,000. (ECF #22). Plaintiffs then filed the instant motion for attorneys' fees. (ECF #25).

II.      Legal Standard

"Nevada follows the American Rule that attorney fees may not be awarded absent a statute, rule, or contract authorizing such award." Thomas v. City of North Las Vegas, 127 P.3d 1057, 1063 (Nev. 2006). Plaintiffs brought this action under the Lanham Act and Nevada's Right of Publicity Statute. The Lanham Act permits attorney fees, stating that "[t]he court in

exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). "A case is considered exceptional 'when the infringement is malicious, fraudulent, deliberate, or willful.'" Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc., 778 F.3d 1059, 1078 (9th Cir. 2015) (quoting Gracie v. Gracie, 217 F.3d 1060, 1068 (9th Cir. 2000)). When district courts analyze a request for fees under the Lanham Act they should "examine the 'totality of the circumstances' to determine if the case was exceptional, exercising equitable discretion in light of the nonexclusive factors identified in Octane Fitness and Fogerty, and using a preponderance of the evidence standard." SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd., 839 F.3d 1179, 1181 (9th Cir. 2016) (internal citations omitted).

In determining appropriate fees to be awarded, the court uses the lodestar method. As stated in Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), "[t]he 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." After computing this amount, the court then assesses various factors[1] to determine whether to adjust this lodestar figure. Id. at 363-64.

III.    Analysis

Defendants never participated in this litigation. Their use of Plaintiffs' images and likenesses was deliberate and willful. While the litigation was ongoing, Defendants used Plaintiffs' images for additional advertisements and social media posts. Such behavior shows that Defendants had no regard for the rule of law or the severity of their improper behavior. Having considered all relevant factors and finding that Defendants' actions cause this case to be exceptional, attorney fees are awarded to Plaintiffs.

Plaintiffs state that their agreement with their attorneys included a 30% fee, which would amount to $289,500. Counsel also submitted an accounting of the hours worked and the hourly

---

[1] The twelve factors bearing on the reasonableness of the fees are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975). The Kerr factors are consistent with the local rule governing motions for attorney's fees. LR 54-14(b)(3).

rate normally charged for similar work. The Court finds that the hourly rate is the appropriate award in this case. The provided accounting and summary of work are reasonable, and the Court will award attorney fees for 65.7 hours at a rate of $350 per hour, totaling $22,995. While the motion lists a total of 68.3 hours, a review of the summary shows that on February 1, 2021, 2.6 hours were billed to research GPS tracking devices for a different client. As such, those hours have been deducted from the total.

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Attorneys' Fees (ECF #25) is **GRANTED.**

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Plaintiffs and against Defendants in the amount of $22,995.

Dated this 22nd day of June, 2021.

_____
Kent J. Dawson
United States District Judge